RAMÓN PÉREZ, Plaintiff and Appellant, *v.* CANCIO PÉREZ ET AL., Defendants and Appellees.

No. 4446.   Argued June 12, 1928—Decided July 28, 1928.

*E. Huertas Zayas* and *M. Bahamonde* for the appellant.   *Agustín E. Font* for the appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

The complainant and appellant alleged the possession of a house in Ponce and that he had been disturbed in that possession within the year inasmuch as the defendants had taken possession of the house and were collecting the rents therefrom and some of the defendants were living therein. After a trial the district court delivered an oral opinion and rendered judgment for the defendants.   The court held that there was conflict of titles in accordance with the case of *Ortiz* v. *Silva,* 28 P.R.R. 357, and in proceedings like the present one only the right of possession was involved; that it did not appear that the defendants were occupying the house against the will of the complainant, but that the latter was also exercising acts of dominion and possession; that if the one was collecting rents so was the other; that in accordance with *Llorens* v. *Omedes,* 35 P.R.R. 697, the mere fact of collecting rents was not sufficient if another person had the judicial possession of the house.

It is unquestionably true, as indicated by the cited cases, that an owner out of possession can not generally be restored to the premises by a writ of injunction known as an interdict. The inquiry always is whether the complainant was in pos-

session at a given date within the year and was he deprived of such possession. We have read the evidence and the briefs and we have become convinced by the appellant that he is right. Counsel for appellees did not attempt to meet the analysis made by the appellant, but simply relied on a supposed conflict in the evidence.

The theory of the defendants was, at least in part, that the house belonged to the matrimonial pair Mercedes del Toro Rodríguez and Gloria Rodríguez and that Ramón Pérez was allowed to take possession of it to remove it and reconstruct it, but this admits the physical possession on the part of Ramón Pérez.

From the testimony of Claudio Ayala, a witness for the defendants, it is clear that he entered the house as a tenant of Ramón Pérez, the complainant; from the testimony of Catalina Alvarez it would also appear that she rented the house from Ramón Pérez, although she attempted to say that she so took it if the consent of Cancio Pérez was obtained. One could see that she was a witness reluctant to say anything in favor of Ramón Pérez. The whole evidence of the complainant, which was strong, tended to show that Ramón Pérez was in possession of the house when Cancio Pérez collected rents from the tenants. Cancio Pérez, the defendant, never took the stand, although he could have explained much. This is probably also true of Mercedes del Toro Rodríguez. While the tenants afterwards paid rent to Cancio Pérez, their possession in each case originated under Ramón Pérez. The whole evidence convinces us that the person legally in possession of the house was Ramón Pérez.

Where a man puts tenants in possession, their possession is his possession; and if these tenants pay rent to another and the latter takes possession he is disturbing the possession of the first holder in opposition to the Act of March 13, 1913, which provides for relief against the forceful or fraudulent acts of another. Within the meaning of the law Cancio Pérez acted fraudulently against Ramón Pérez.

The judgment will be reversed and another rendered restoring Ramón Pérez to the possession of the house in litigation.